353 A.2d 817
**COMMONWEALTH of Pennsylvania**
v.
**Roger Duane WISOR, Appellant.**

Supreme Court of Pennsylvania.
Argued Jan. 14, 1976.
Decided March 17, 1976.

528

Stephen R. LaHoda, First Asst. Public Defender, Levittown, for appellant.

Stephen B. Harris, First Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Roger Duane Wisor, was convicted following a nonjury trial of possession of a controlled substance (marijuana) in violation of The Controlled Substance, Drug, Device and Cosmetic Act of 1972, Act of April 14, 1972, P.L. 233, 35 P.S. § 780–101 et seq., as amended. He was sentenced to pay a fine of $200.00

plus costs of prosecution, and the judgment was affirmed by the Superior Court. We granted appellant's petition for allowance of appeal and this appeal followed.

Appellant's sole contention is that there was insufficient evidence to sustain a conviction for possession of a controlled substance. We agree, and, accordingly, reverse the judgments of sentence and grant a new trial.

Viewing the evidence in light most favorable to the prosecution and drawing all proper inferences favorable to the prosecution, *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975), the facts are as follows:

On July 15, 1972, a Middletown Township police officer was patrolling at the rear of a local shopping center when he spotted a parked two-door sedan, seemingly unoccupied, with loud music playing. The officer approached the car and a young woman, therein, sat up. The officer turned on his flashlight and checked the front and back seats and the floor, but found nothing suspicious. He exchanged a few words with the young woman and left. However, he kept the car under surveillance by observing it from a distance with binoculars. During a period of ten minutes in which he observed the car, he saw people walking to the vehicle. He radioed for assistance and pulled up behind the car. At that time, appellant was sitting behind the wheel of the observed car and its motor was running. In addition to appellant, there were five passengers in the car and a man standing outside the car facing the open window of the right door. The police requested everyone to exit the car. When the front-right passenger's seat was pushed forward to permit exit by those in the back, the police officer who had been observing the car, saw a corn cob pipe with aluminum foil in the bottom of the bowl lying in the space beneath the back of the right-front passenger's seat. The pipe was made visible only after the front-right passenger's seat was pulled forward. The residue in the bowl was identified by the officer as mari-

juana. Laboratory tests confirmed the presence of marijuana in the pipe found by the officer. No marijuana was found on appellant.

Appellant's conviction rests solely on his alleged possession of the corn cob pipe. The trial court reasoned, "the pipe containing marijuana residue was not accessible to or available to anyone in the car so long as the front seat was occupied. It was effectively concealed in a hiding place controlled and possessed by the [appellant]. Therefore, the inference must follow that it was in the [appellant's] possession." In so concluding, the court emphasized that appellant owned the car.

The dissenting opinion by Judge Spaeth, in the Superior Court stated:

"The majority argues that since appellant was the owner of the car and was seated in the driver's seat it can be inferred that he knew the pipe was under the seat and consequently intended to control it.

The majority's emphasis on appellant's ownership of the car is misplaced. The fact of ownership does not support the inference that appellant knew the pipe was under the seat. The facts presented here are like those in *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974). There, the Supreme Court found the evidence insufficient to convict the resident of a house of possession of drugs found on her kitchen floor, 'not in a place normally accessible only to a resident of a home.' *Id.* at 369, 318 A.2d at 329. When the police entered the house the resident was upstairs. Three men and a woman were in the living room. Upon seeing the police approach they fled through the kitchen and out the back door. Reversing, the court . . . said: 'There is no evidence that the appellant had any knowledge of the presence of the drugs in her home prior to the arrival of the police. The appellant's residency in the home does not establish any such knowledge. We cannot assume that a resident of

a home, where guests are present, knows of the full contents of the premises.' *Id.* at 369, 318 A.2d at 329. So here we cannot assume that appellant as owner and driver of the car knew its full contents, when it appears as in *Fortune* that some of the contents might have been hidden by his guests."

*Commonwealth v. Wisor*, 231 Pa.Super. 339, 348–349, 331 A.2d 861, 865–866 (1974).

In the present case, we can find no evidence that appellant who was seated in the *driver's* seat of his automobile had possession of the corn cob pipe which was located in the space beneath the back of the front-right *passenger's* seat. Appellant's ownership of or presence in the car does not establish possession on the part of appellant. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974). The facts disclose that the other occupants of appellant's car had ample opportunities to place the pipe in the crevice behind the front-right passenger's seat. Because of the presence of these other persons in the car, appellant did not have exclusive control of the area where the pipe was found. We cannot, therefore, infer that appellant was in possession of the pipe. "[T]he fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered." *Commonwealth v. Davis*, 444 Pa. 11, 16, 280 A.2d 119, 121 (1971). There is no evidence that appellant placed the pipe under the seat. It is possible that the pipe was placed there by one of the other persons before appellant entered the car or as the police were approaching.

The situation herein is not one where the illegal drugs were found in a locked glove compartment or trunk of an accused's car. *See, Commonwealth v. Ferguson*, 231 Pa. Super. 327, 331 A.2d 856 (1974). Here, as in *Fortune*, the location of the drugs was such that they were easily accessible to others, such as the female who was alone in the car for a period of time prior to appellant's presence

532

in the car, or the other occupants of the car. The trial court's finding that appellant possessed the pipe because it was accessible only to appellant is not supported by the evidence.

Judgment reversed and appellant ordered discharged.

POMEROY, J., concurs in the result.