383 A.2d 890

**COMMONWEALTH of Pennsylvania**

v.

**Betty JACKSON, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 22, 1977.
Decided March 23, 1978.

Ronald J. Brockington, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Gaele Barthold, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

Appellant, Betty Jackson, was convicted of murder of the third degree and criminal conspiracy in a nonjury trial in the Court of Common Pleas of Philadelphia County. She filed "boiler plate" post-verdict motions for a new trial and in arrest of judgment. The motion in arrest of judgment was granted as to degree of guilt only, and the murder conviction was reduced to voluntary manslaughter. Appellant was sentenced to one and one-half to five years in prison for voluntary manslaughter and five years ᴜn probation for conspiracy, the sentences to run consecutively. She appeals from the judgment of sentence imposed on the voluntary manslaughter conviction.

 Appellant raises allegations of error concerning the admissibility of her confession:

1. Her confession was a product of unnecessary delay between arrest and arraignment;

2. Her confession was involuntary because:

 a. An illegal arrest tainted her confession.

 b. *Miranda* warnings were not given.

 c. There was unnecessary delay in arraignment.

None of the above issues is properly preserved for appellate review because of the failure to comply with this court's decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Appellant filed "boiler plate" post-verdict motions in September, 1975, eight months after the decision in *Blair, supra.* Therefore, because of the lack of specificity required, appellant cannot challenge the admissibility of her confession.

█ Appellant's final argument deals with the propriety of the trial court's reducing the "degree of guilt" from murder of the third degree to voluntary manslaughter. This issue is, likewise, not properly preserved for appellate review. Appellant never objected to the diminished degree-of-guilt finding either at the sentencing or subsequent thereto.

 Judgment of sentence affirmed.