390 A.2d 831

**COMMONWEALTH of Pennsylvania**

v.

**Alvin TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 22, 1976.

Decided July 12, 1978.

John Patrick, Philadelphia, for appellant.

F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The six Judges who decided this case being equally divided, the judgment of sentence is affirmed.

PRICE, J., files an opinion in support of affirmance in which JACOBS, President Judge and VAN der VOORT, J., join.

HOFFMAN, J., files an opinion in support of reversal in which CERCONE and SPAETH, JJ., join.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

PRICE, Judge:

Following a jury trial, appellant and his co-defendant were convicted of statutory rape,[1] rape,[2] and criminal conspiracy.[3] Written post-trial motions were filed, argued and denied. On appeal, it is contended (1) that appellant was prejudiced by leading questions addressed to the victim by the district attorney and the trial court, and (2) that the Commonwealth's failure to introduce into evidence the sheets on which the rape occurred and the victim's underclothing should have supported an unfavorable inference strong enough to produce a reasonable doubt as to appellant's guilt.

██ None of the claims was included in appellant's written post-trial motions. The issues are thus waived, not being properly preserved for review by this court. *Commonwealth v. Carr*, 471 Pa. 86, 369 A.2d 1207 (1977); *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

1. 18 Pa.C.S. § 3122.

2. 18 Pa.C.S. § 3121.

3. 18 Pa.C.S. § 903.

■ Further, the instant appeal presents no argument either that appellant's failure to preserve his claims in post-trial motions was involuntary or that the trial court failed to comply with Pa.R.Crim.P. 1123. Reviewing these matters sua sponte would be improper and directly contrary to the philosophy expressed by our supreme court in *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975). See also Pa.R.A.P. 2116(c) and 2118(e), and this writer's dissenting opinion in *Commonwealth v. Roger D. Leaman*, 255 Pa.Super. 481, 388 A.2d 330 (1978).

All of the issues raised in this appeal are waived. The judgment of sentence of the court below is, therefore, affirmed.

JACOBS, President Judge, and VAN der VOORT, J., join in this opinion in support of affirmance.

## OPINION IN SUPPORT OF REVERSAL

HOFFMAN, Judge:

The Opinion in Support of Affirmance holds that appellant has waived his right to appellate consideration of purported trial errors by failing to file specific post-verdict motions in compliance with either Pa.R.Crim.P. 1123(a) or (b); 19 P.S.Appendix.[1] The Opinion in Support of Affirm-

1. Pa.R.Crim.P. 1123(a) and (b) provide: (a) Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

   "(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the seven (7)-day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall pre-

ance reaches this conclusion without reviewing the trial court's compliance with Rule 1123(c) [2] in order to ensure that appellant made a knowing and intelligent waiver of his appellate rights. Because I believe that the lower court's failure to comply with Rule 1123(c) precludes our Court from finding that appellant waived his right to appeal. I dissent.

In *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978), our Supreme Court recently stressed the important and personal nature of a defendant's appellate rights: "The right to appeal is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver. . . . To assure that any waiver of this right is knowing and intelligent, this Court has promulgated Pa.R. Crim.P. 1123(c) and Rule 1405(b), which ensure that defendants are informed not only that they have a right to appeal, but also that any issue[s] they wish to raise on appeal must be raised first in post-verdict motions. Thus these rules ensure that defendants are informed of how to exercise their right to appeal effectively. . . . " (At 384 A.2d at 590). The Court concluded: "Because the trial court did not comply with Rule 1123(c), petitioner's failure to file adequate post-verdict motions cannot be deemed a knowing and intelligent waiver of his right to appeal." (At 4, 384 A.2d at 591). *See also Commonwealth v. Tate*, 473 Pa. 478, 375 A.2d 341 (1977); *Commonwealth v. Rinier*, 255 Pa.Super. 166, 386 A.2d 560 (1978).

The Opinion in Support of Affirmance today rewrites *Cathey* to state: "The right to appeal is a personal right which a defendant may relinquish only through a knowing, intelligent and voluntary waiver *or through a failure to argue that his waiver was not knowing and intelligent.*" I

clude his raising on appeal any issues which might have been raised in such motions."

**2.** Pa.R.Crim.P. 1123(c) provides: "(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

believe that the Opinion in Support of Affirmance thus erroneously perceives two distinct issues—did appellant waive his appellate rights and, if so, did he assert that his waiver was unknowing and involuntary—where *Cathey* found only one integrated issue—did appellant knowingly and voluntarily waive his appellate rights. Indeed, the analysis of the Opinion in Support of Affirmance is fundamentally inconsistent with the rule that the Commonwealth bears the burden of proving by a preponderance of the evidence that a waiver of a state or federal constitutional right was intelligently made. As the Supreme Court stated in *Commonwealth v. Coleman*, 477 Pa. 400, 407, 383 A.2d 1268, 1291 (1978): "Regarding any rights guaranteed by either the United States Constitution or the Pennsylvania Constitution, for a waiver of those rights to be valid, the Commonwealth must prove by a preponderance of the evidence that the alleged waiver was intelligently made. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Before finding a valid waiver, we must be convinced that an accused knows the nature of the constitutional rights involved. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974)." Article V, § 9 of the Pennsylvania Constitution guarantees a defendant's right of appeal in criminal cases and thus brings into play the standards which *Coleman* articulates. If the Commonwealth wishes to frustrate an appellant's exercise of this constitutional right through invocation of the waiver doctrine, it must bear the concomitant burden of proving that appellant's waiver was knowing and intelligent, regardless of whether or not the appellant asserts that he did not knowingly waive his constitutional right. By requiring an appellant to argue that his waiver was not knowing and intelligent, the Opinion in Support of Affirmance in effect relieves the Commonwealth of its burden of proof and adopts the disfavored practice of presuming a waiver of invaluable appellate rights on the basis of a silent record. *Cf. Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Commonwealth*

*v. Cornitcher,* 447 Pa. 539, 291 A.2d 521 (1972); *Commonwealth v. Swain,* 237 Pa.Super. 322, 354 A.2d 256 (1975). In short, only one issue confronts us: did the Commonwealth meet its burden of proving a knowing and intelligent waiver of appellate rights? In order to resolve this issue, we must examine the record to ensure that an appellant received the information mandated by Rule 1123(c). By making this examination, we do not engage in *sua sponte* review of an issue not properly preserved: instead, we discharge our duty to make sure that the Commonwealth has properly proved a valid waiver.[3]

In the case at bar, appellant attempted to invoke his constitutional right to appellate review of his criminal conviction. The Commonwealth contends that appellant waived this right, but the record discloses that appellant did not receive the information required by Rule 1123(c). Accordingly, the Commonwealth did not satisfy its burden of proving that appellant waived his constitutional right of appeal.

Assuming that the knowing and intelligent nature of a waiver of appellate rights is indeed a question distinct from the existence of a waiver, the facts of the instant case demonstrate the unfairness of requiring an appellant to raise the lower court's failure to comply with Rule 1123(c). The Opinion in Support of Affirmance finds a waiver despite conclusive evidence on the record that appellant's waiver could not have been knowing and intelligent and despite the absence of any reasonable possibility that either appellant or his counsel would raise the trial court's non-compliance with Rule 1123(c). First, the record reveals that counsel could

3. It is also essential to realize that whether an appellant knowingly and intelligently waived his right to appellate review is a question properly raised *for the first time* on appeal. Thus, Judge PRICE's reliance on Pa.R.A.P. 2116(c) and 2118(e) is misplaced. Both these rules only pertain when "under the applicable law an issue is not reviewable on appeal unless raised or preserved below." Moreover, because the issue of whether an appellant has knowingly and voluntarily waived his right to appellate review is properly confronted for the first time on appeal, a lower court's review of this issue obviously would not be possible.

not have understood the significance and operation of Rule 1123; otherwise, as we recently stated in *Commonwealth v. Rinier, supra,* he would not have filed the boilerplate motions which our Supreme Court has repeatedly condemned. If counsel did not understand the necessity of specific post-verdict motions, then we cannot reasonably expect him either to inform his client of the information contained in Rule 1123(c) or to bring the lower court's failure to comply with Rule 1123(c) to our attention. *See Commonwealth v. Rinier, supra.* Second, the record reveals that the lower court did not impart the information required by Rule 1123(c). Thus, the record demonstrates that both appellant and his attorneys were unaware of vitally important Rule 1123 procedures and consequences—an ignorance which very likely stemmed from the lower court's failure to observe Rule 1123(c). Nevertheless, the Opinion in Support of Affirmance expects appellant to raise the Rule 1123(c) issue for our consideration. Such an expectation is completely unrealistic and unfair; in essence, it eviscerates *Cathey's* insistence that the record demonstrate a knowing and intelligent waiver of a defendant's *personal* appellate rights and, instead, penalizes an uninformed appellant for the lower court's non-compliance with its Rule 1123(c) obligation and for counsel's failure and inability to detect the omission. In sum, when the record belies any reasonable expectation that either appellant or his counsel possessed the knowledge necessary to raise a Rule 1123(c) issue on appeal, fairness requires that we review the record to insure that the trial court complied with Rule 1123(c).[4]

4. In *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977), we stated that the 1973 amendment to Rule 1123 was designed to substitute a *per se* rule based on Rule 1123(c) for the prior "all the circumstances" test used in determining whether an appellant knowingly and intelligently waived his post-verdict motion rights. Accordingly, *Brown* held that the Supreme Court's refusal to undertake *sua sponte* review in cases involving trials conducted before this amendment, see *Commonwealth v. Carter,* 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Jones,* 460 Pa. 713, 334 A.2d 601 (1975), was not binding precedent in cases in which the trial occurred after the June, 1973 amendment. I also note that both *Jones* and *Carter* involved facts readily distinguishable from the

For the foregoing reasons, I submit that we must ascertain whether the lower court complied with Rule 1123(c) before we hold that appellant waived his constitutional right of appeal. My review of the record discloses that the lower court did not in fact comply with Rule 1123(c). Accordingly, I would remand for the filing of post-verdict motions *nunc pro tunc. See Commonwealth v. Oliver,* 479 Pa. 147, 387 A.2d 1266 (1978); *Commonwealth v. Cathey, supra; Commonwealth v. Rinier, supra; Commonwealth v. Leaman,* 255 Pa.Super. 481, 388 A.2d 330 (1978);[5] *Commonwealth v. Brown, supra.*

CERCONE and SPAETH, JJ., join in this opinion.

instant case. In *Jones,* appellant's trial counsel filed post-verdict motions, but appellant personally withdrew these motions at the sentencing hearing. Subsequently, with the help of new counsel, appellant attempted to present several contentions for appellate review. The Supreme Court held that appellant had waived his right to appeal by withdrawing his post-verdict motions and by failing to argue that this withdrawal had not been knowing and intelligent. In *Commonwealth v. Carter, supra,* the appellant filed no post-verdict motions; new counsel attempted to raise three specific issues on appeal. The Supreme Court again found waiver of post-verdict motion rights. In both *Jones* and *Carter,* no reason appeared why *new counsel* could not have raised the issue of an involuntary and unknowing waiver. *See also Commonwealth v. Bliss,* 239 Pa.Super. 347, 362 A.2d 365 (1976). Contrast the instant case in which we know that both appellant and his counsel—the same counsel who filed the objectionable boilerplate motions—were incapable of raising the lower court's failure to comply with Rule 1123(c). If we do not consider this issue, appellant's personal appellate rights will be sacrificed without any reasonable expectation that either counsel or appellant could have protected these rights.

5. In *Commonwealth v. Leaman, supra,* Judge PRICE authored a dissenting opinion in which he argued that appellant waived his post-verdict motion rights by filing boilerplate post-verdict motions. Although Judge PRICE marshalled the *precise* arguments upon which the he now relies, the remaining judges on our Court found these arguments unpersuasive and refused to find a waiver of the right to appeal. Moreover, in *Commonwealth v. Brown, supra,* our Court unanimously agreed to ascertain whether the lower court had complied with Rule 1123(c), despite Brown's failure to raise this issue for our consideration. Because the lower court in *Brown* did not comply with Rule 1123(c), we remanded for the filing of post-verdict motions nunc pro tunc.