392 A.2d 727

**COMMONWEALTH of Pennsylvania**

v.

**Ralph SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

Robert B. Mozenter, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

This appeal arises from appellant's conviction and sentencing in the lower court on charges of carrying a firearm in public without a license and possession of a controlled substance. Two issues are presented for our consideration: 1) whether appellant's arrest was supported by probable cause; and 2) whether sufficient evidence existed to establish appellant's possession of the firearm and the controlled substance. For the following reasons, we hold that the first issue is waived and the second issue is meritless, and therefore affirm the judgment of the court below.

At about 9:30 p. m. on October 24, 1974, an informant told Officer Richard Smith that he had just seen appellant selling narcotics on a public street. The informant, who had provided information in the past, also related that the drugs were being dispensed from a paper bag on which appellant was standing.

The officer proceeded to the scene of the alleged sales and observed appellant for approximately fifteen minutes. During that time, Officer Smith witnessed exchanges between appellant and three separate individuals, and saw appellant reach down by his foot before and after each transaction. Thereupon the officer and the other members of his surveillance team approached appellant and arrested him. A search of the paper bag on which the defendant had been standing yielded six packets of heroin and a loaded pistol.

After trial, appellant was convicted of carrying firearms on a public street without a license and possession of a controlled substance, and sentenced to concurrent terms of eleven and one-half to twenty-three months imprisonment. This appeal followed.

Appellant initially contends that his arrest was illegal because the arresting officer lacked probable cause at

the time the defendant was taken into custody. Regardless of the merits of this assignment of error, the issue of probable cause has not been preserved for our review. Appellant's written post-verdict motions requesting arrest of judgment or a new trial were filed as follows:

1. The verdict was against the evidence;
2. The verdict was against the weight of the evidence;
3. The verdict was contrary to the law;
4. Permission is respectfully requested to be allowed to file additional reasons in support of this motion as shall appear after the transcription of the Notes of Testimony.

No supplemental motions or additional reasons were filed. Furthermore, appellant has not argued to us either that his failure to file supplemental detailed post-trial motions was involuntary, or that the trial court failed to comply with Pa.R.Crim.P. 1123. As a consequence, this issue has been waived, and we will not sua sponte review an issue not properly placed before us. *See Commonwealth v. Jackson,* 477 Pa. 197, 383 A.2d 890 (1978); *Commonwealth v. Branham,* 467 Pa. 605, 359 A.2d 766 (1976); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Taylor,* 257 Pa.Super. 298, 390 A.2d 831 (1978) (Opinion by PRICE, J., in support of affirmance).

Appellant's remaining contention concerns the sufficiency of the evidence to sustain his convictions of possession of the firearm and the controlled substance. The essence of this argument is that possession was not proved beyond a reasonable doubt because the bag containing the contraband was located on the pavement of a public street.

Viewing the evidence in the light most favorable to the Commonwealth, and accepting as true all evidence and reasonable inferences therefrom upon which the factfinder could have properly based its verdict, we conclude that appellant's challenge to the sufficiency of the evidence is patently meritless. The defendant has characterized the location of the contraband as "in proximity" to him; indeed, he was standing with his left foot on the bag containing the

loaded pistol and heroin. Moreover, the arresting officer observed Smith bend down near his foot and then resume a standing position before and after suspicious exchanges with three separate persons. This testimony convincingly demonstrated the requisite power and intent to control the contraband upon which the convictions are based.

The fact that the contraband was located on a public street accessible to other persons does not alter this conclusion. *Commonwealth v. Wisor*, 466 Pa. 527, 353 A.2d 817 (1976), and *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973), constructive possession cases relied upon by appellant, do not support him. In *Wisor*, the defendant's conviction for possession of a pipe containing marijuana was reversed, where the pipe was found under the seat of a car in which appellant and five other persons were occupants. In *Armstead*, the defendant was convicted of unlawful possession of a firearm after the police stopped the vehicle in which he was a passenger and discovered a pistol on the front seat. On appeal, the conviction was reversed on the basis that the weapon might have been discarded by the driver of the vehicle as he got out of the car.

Both *Wisor* and *Armstead*, however, are based upon an equal access rationale inapplicable to the present case. For while it is true in this case that the contraband was located in a public place, the facts simply do not support the conclusion that persons other than appellant had equal access to the bag upon which he was standing. To hold otherwise would require us to ignore the evidence in this case and to permit an exception to possession where conduct of this nature takes place in public. Although appellant attempted to separate himself from the contraband, his efforts were insufficient to avoid conviction.

Judgment of sentence affirmed.

SPAETH, J., files a concurring statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I would reach the merits of appellant's argument that his arrest was not supported by probable cause. *See Commonwealth v. Taylor*, 257 Pa.Super. 298, 390 A.2d 831 (1978) (Opinion in Support of Reversal by HOFFMAN, J., in which CERCONE and SPAETH, JJ., joined). However, having done so I would find the argument to be without merit. Therefore, I concur in affirming the judgment of sentence.