406 A.2d 775

COMMONWEALTH of Pennsylvania

v.

Warren Bruce HARMON, Appellant.

Superior Court of Pennsylvania.

Submitted June 19, 1978.

Decided June 15, 1979.

Frank J. Marcone, Media, for appellant.

Donald E. Johnson, Assistant District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appellant Warren Bruce Harmon was found guilty by a District Justice of disorderly conduct, appealed to Common Pleas Court, where he was found guilty by a jury, then appealed to our Court. We affirm.

■ Appellant challenges the legality of his arrest and the propriety of the lower court's "affirmance" of the finding of the District Justice. These issues are waived because of appellant's failure to file written post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ Appellant also argues that the Commonwealth failed to prove that his conduct was offensive to the "public". Although, notwithstanding appellant's failure to file post-trial motions, the lower court discussed in a general way in its opinion the issue of sufficiency of the evidence, the court did *not* consider the specific question of whether appellant's conduct constituted a "public" nuisance. We therefore find that appellant has waived this issue also, by his failure to file written post-trial motions.

Judgment of sentence affirmed.

PRICE, J., files a concurring opinion.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

JACOBS, former President Judge, did not participate in the consideration or decision in this case.

PRICE, Judge, concurring:

I concur in the result reached by the majority. I do so for two specific reasons not expressed by the majority, but raised by Judge Spaeth's Dissenting Opinion.

First, Local Rule 411(a) of the Court of Common Pleas of Delaware County is official notice that in all appeals appellant must comply with Pa.R.A.P. 1925(b). I consider such a local rule to be a reasonable requirement, authorized by our procedure, and therefore, I believe that appellant has waived his argument.

Secondly, appellant has not argued to us that the trial court failed to comply with Pa.R.Crim.P. 1123. As a consequence, again this issue is waived. We should not make a sua sponte review of an issue not properly before us. *Commonwealth v. Smith*, 258 Pa.Super. 148, 392 A.2d 727 (1978).

I too would affirm the judgment of sentence.

SPAETH, Judge, dissenting:

On April 16, 1977, appellant held a party on his father's property in Broomall, Delaware County. While the party was going on, a neighbor telephoned the police three times to complain that noise from appellant's party was disturbing him and his family. No other neighbors complained about the noise to the police. The party broke up shortly after midnight, when the police arrested appellant and several partygoers.

Appellant was found guilty of disorderly conduct before a District Justice. He appealed to the Court of Common Pleas of Delaware County. A new trial was held, and he was once again found guilty. Appellant did not file any post-verdict motions. Also, after appealing to this court, he did not comply with Local Rule 411(a), which states:

In all direct appeals from orders or decrees not previously argued before the court en banc, appellant's counsel shall, immediately upon taking the appeal, serve upon the judge from whose order or decree the appeal was taken a concise statement of the matters complained of and intended to be argued on appeal, so that an appropriate opinion may be prepared.

The lower court, nevertheless, filed an opinion in which it concluded that there was sufficient evidence to find appellant guilty of violating section 5503. The only issue appellant raises is whether that conclusion was correct.[1]

Section 5503 of the Crimes Code provides:

1. The Commonwealth argues that appellant should be held to have waived his right to prosecute his appeal to this court because he did not comply with Local Rule 411(a). I am not convinced. This rule was evidently enacted to enable the lower court to proceed in the most efficient way in preparing its opinion for the appellate court. The lower court is obliged to file an opinion with the appellate court in every case that is appealed. Pa.R.A.P.1925. In arriving at the decision appealed from, the lower court may have considered many issues. If the lower court is not advised which issues will be argued on appeal, it may think it necessary to discuss all of them in its opinion. If, however, the court is advised which issues will be argued on appeal, it will be able to devote its time to analysis of only those issues, which should result in both a saving of time and a more thoughtful opinion. Here, however, appellant's failure to comply with the rule did not hinder the lower court, for the court recognized the only issue of concern to appellant, and wrote an extensive opinion addressing it. Nor should appellant's sufficiency argument be held waived because he did not raise it in post-verdict motions. Although appellant has not argued to us that his failure to file post-verdict motions was involuntary, we have checked the record and found that the lower court did not apprise appellant either of his right to file post-verdict motions, or of the fact that only grounds raised in such motions may be raised on appeal. Thus, the court failed to comply with Pa.R.Crim.P. 1123(c). Usually, where this occurs we will remand to the lower court so that the appellant can file the proper motions. *See e. g., Commonwealth v. Simmons,* 236 Pa.Super. 466, 344 A.2d 593 (1975); *Commonwealth v. Miller,* 232 Pa.Super. 171, 335 A.2d 528 (1975); *but see Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978) (where appellant did not argue that his failure to file post-verdict motions was involuntary, this court considered the issue waived); *Commonwealth v. Taylor,* 257 Pa.Super. 298, 390 A.2d 831 (1978) (equally divided court); *Commonwealth v. Richter,* 257 Pa.Super. 260, 390 A.2d 812 (1978) (equally divided court). Here, however, where the lower court has already fully considered the sufficiency issue, such a remand

(a) Offense defined—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

\* \* \* \* \* \*

(2) makes unreasonable noise;

\* \* \* \* \* \*

This provision is based on section 250.2 of the Model Penal Code, which was section 250.1 of the tentative draft. The comment to that section states in part:

> Section 250.1 [18 Pa.C.S.A. § 5503] is confined to "public" inconvenience, the term "public" being defined so as to require that the comfort of a plurality of persons be jeopardized. But it is made clear that this public discomfiture can occur in privately owned facilities such as stores, apartment-houses, theaters. We decline to follow the statutes which make it an offense, often with substantial imprisonment sanctions, to disturb the "peace and quiet of any person," . . . The special situations where private annoyance should be penalized are dealt with . . . in Section 250.9 [18 Pa.C.S.A. § 2709].

In *People v. Canner*, 88 Misc.2d 85, 388 N.Y.S.2d 812 (1975), *aff'd*, 40 N.Y.2d 886, 389 N.Y.S.2d 361, 357 N.E.2d 1016 (1975), a New York court concluded that a defendant was not disorderly where the occupants of two apartments in a building complained that he was noisy. The court held that "[d]efendant's conduct did not rise to the level required by the statute [ § 240.20 of the New York Penal Code] since the disturbance complained of was not public, but private in nature." 88 Misc.2d at 85–86, 388 N.Y.S.2d at 813. Likewise, since here only one neighbor complained, we do not believe that appellant's conduct was sufficiently disturbing to the "public" to warrant his conviction.

I should, therefore vacate the judgment of sentence and discharge the appellant.

HOFFMAN, J., joins in this dissenting opinion.

would serve no purpose, and would represent a useless delay and expenditure of effort.