442 A.2d 1184

**COMMONWEALTH of Pennsylvania**

v.

**Patrick McNELIS, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed March 19, 1982.

Stephen F. Freind, Havertown, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before PRICE, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This appeal is from the judgment of sentence imposed by the trial court following appellant's conviction for illegal transportation of liquor, a summary offense under section 4–491(2) of the Liquor Code.[1]  For the reasons stated herein, we vacate the judgment of sentence and remand the case to the court of common pleas to permit appellant to file post-verdict motions nunc pro tunc.

Appellant was cited for illegal transportation of liquor on November 7, 1979.  Following a summary trial before a district justice, appellant was found guilty and sentenced to pay a fine of $100 and costs of $26.  An appeal to the court of common pleas was perfected, see Pa.R.Crim.P. 67, and a bench trial was commenced on March 3, 1980.  The trial

1. Act of April 12, 1951, P.L. 90, art. IV, § 491, as amended, 47 P.S. § 4–491(2) (Supp.1980–81).

judge found appellant guilty and sentenced him to pay the fine and costs. This appeal followed.

▪ Appellant contends that certain evidence admitted at his nonjury trial should have been excluded as the product of an illegal search and seizure. This substantive claim has not been properly placed before us, however, because appellant did not file post-trial motions in the court below. *See* Pa.R.Crim.P. 1123. Ordinarily, the failure to file post-verdict motions precludes appellate review altogether. The record *sub judice*, however, reveals that the trial judge did not advise appellant of: his right to file post-verdict motions; the time within which those motions must be filed; and the consequences of the failure to file such motions.[2] In these circumstances, we cannot hold that appellant knowingly and intelligently waived his substantive claim. *See generally Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981).

▪ We thus vacate the judgment of sentence and remand the case to the court of common pleas to permit appellant to file post-verdict motions nunc pro tunc. *Id.*, 288 Pa.Super. at 302, 431 A.2d at 1058–59 (Price, J., concurring). We emphasize, however, that only those contentions which are presented in compliance with Pa.R.Crim.P. 1123 will be reviewed on appeal. *Commonwealth v. Harmon*, 267 Pa.Superior Ct. 224, 406 A.2d 775 (1979); *Commonwealth v. Tegano*, 265 Pa.Superior Ct. 453, 402 A.2d 526 (1979); *Commonwealth v. Smith*, 258 Pa.Superior Ct. 148, 392 A.2d 727 (1978).

2. Pa.R.Crim.P. 1123(c) provides:
   Upon the finding of guilt, the trial judge shall advise the defendant on the record:
   (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;
   (2) of the time within which he must do so as set forth in paragraph (a); and
   (3) that only the grounds contained in such motions may be raised on appeal.