COMMONWEALTH of Pennsylvania, Appellee,

v.

John Joseph HEIDLER, III, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 8, 1999.

Filed Nov. 9, 1999.

---

Karl E. Rominger, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before McEWEN, President Judge, and DEL SOLE, KELLY, POPOVICH, JOHNSON, FORD ELLIOTT, EAKIN, JOYCE and STEVENS, JJ.

POPOVICH, J.:

¶ 1 Appellant, John Joseph Heidler, III, appeals from the judgment of sentence dated October 14, 1997, in the Court of Common Pleas of Cumberland County. Appellant questions: "Whether the [Appellant] had constructive possession of a firearm when the firearm was placed in his companion's purse prior to arriving at the school?" Appellant's brief, p. 1. Upon consideration of appellant's claim, we reverse Appellant's conviction.

FACTS:

¶ 2 On October 4, 1996, Appellant and his girlfriend left their home in Columbia County to pick up Appellant's son from the Lamberton Middle School in Carlisle for a scheduled weekend visitation. After leaving his residence, Appellant gave his girlfriend his handgun, which she put in her purse. Both Appellant and his girlfriend carried valid licenses to carry a concealed firearm. Appellant parked his vehicle in the school parking lot and went into the school while his girlfriend remained in the

vehicle. Appellant was unaware that his estranged wife had filed a complaint against him alleging a violation of the Protection From Abuse Act.[1] A temporary order had been entered, but neither the PFA petition nor the order had been served on Appellant. Security personnel at the school, however, had been notified, and when Appellant arrived, they called the police.

¶ 3 The police arrived at the school and served a copy of the PFA petition and the temporary order on Appellant. Upon talking to Appellant's girlfriend, who still remained in the car, they learned that she had Appellant's handgun in her purse. The police confiscated the handgun, and Appellant was charged with possession of a weapon on school property.[2] A bench trial was held, and on September 15, 1997, the trial judge found Appellant guilty. On October 14, 1997, the trial judge sentenced Appellant to a six-month term of unsupervised county probation, required him to pay the costs of prosecution and ordered destruction of the firearm in question pending appeal. It is from this judgment of sentence that Appellant appeals.[3]

DISCUSSION:

■■■ ¶ 4 We now address Appellant's claim that there was insufficient evidence for the trial court to find that he possessed the firearm on school property because the firearm was placed in his companion's purse prior to arriving at school. Our standard of review when there is a challenge to the sufficiency of the evidence is

1.  23 Pa.C.S. §§ 6101–6118.

2.  18 Pa.C.S. § 912(b).

3.  Previously, in a memorandum decision filed on February 2, 1999, a panel of this court determined that Appellant did not have constructive possession of the firearm on school property and, accordingly, reversed appellant's conviction. The Commonwealth's petition for reargument before this court *en banc* was granted on April 26, 1999.

4.  We note that the statute defines weapon as "include[ing] but not be limited to any knife, cutting instrument, cutting tool, nunchuck

well established: "In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth is entitled to all favorable inferences which may be drawn from the evidence." *Commonwealth v. Hanes*, 361 Pa.Super. 357, 522 A.2d 622, 623–24 (1987). Moreover, if a fact finder reasonably determines from the evidence "that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict." *Commonwealth v. Baer*, 452 Pa.Super. 547, 682 A.2d 802, 805 (1996).

■■■ ¶ 5 Herein, Appellant was charged with possession of a weapon on school property which occurs when a person "possesses a weapon ... on the grounds of ... any elementary or secondary publicly-funded educational institution...." 18 Pa.C.S. § 912(b).[4] Possession can be found by proving actual possession, constructive possession or joint constructive possession. *See Commonwealth v. Gladden*, 445 Pa.Super. 434, 665 A.2d 1201 (1995), *appeal denied*, 544 Pa. 624, 675 A.2d 1243 (1996); *Commonwealth v. Magwood*, 371 Pa.Super. 620, 538 A.2d 908 (1988), *appeal denied*, 519 Pa. 653, 546 A.2d 57 (1988); *Commonwealth v. Naguski*, 223 Pa.Super. 301, 299 A.2d 39 (1972).[5]

■■■ ¶ 6 The Commonwealth argued that Appellant had constructive possession. "Constructive possession" is found where the individual does not have actual posses-

stick, firearm, shotgun, rifle and any other tool, instrument or implement capable of inflicting serious bodily injury." 18 Pa.C.S. § 912(a). It is undisputed that Appellant's handgun qualifies as a "weapon."

5.  There is no dispute that Appellant's vehicle was parked on school grounds. The parties also concede, and we agree, that Appellant's girlfriend, not Appellant, was in "actual possession" of the firearm. Thus, the lone question before this court is whether Appellant had constructive possession of the firearm.

**216**

sion over the illegal item but has conscious dominion over it. *Commonwealth v. Carroll*, 510 Pa. 299, 507 A.2d 819 (1986). In order to prove "conscious dominion," the Commonwealth must present evidence to show that the defendant had *both* the power to control the firearm and the intent to exercise such control. *See Gladden, supra*, 665 A.2d at 1206; *Magwood, supra*, 538 A.2d at 909–10.[6] These elements can be inferred from the totality of the circumstances. *Commonwealth v. Gilchrist*, 255 Pa.Super. 252, 386 A.2d 603 (1978).

¶ 7 Pennsylvania courts have held that where another person has equal access to the area where illegal contraband or weapon is found, the defendant cannot be said to have either the power to control or the intent to control such contraband or a weapon *per se. See Commonwealth v. Chenet*, 473 Pa. 181, 373 A.2d 1107 (1977) (finding no constructive possession because the contraband was found in an area equally accessible to a third party); *Commonwealth v. Juliano*, 340 Pa.Super. 501, 490 A.2d 891 (1985) (finding the evidence insufficient to conclude that appellant constructively possessed contraband when three other people had equal access to the area in which the contraband was found); *Commonwealth v. Smith*, 258 Pa.Super. 148, 392 A.2d 727 (1978) (finding constructive possession because no person, other than appellant, had equal access to a bag in which a firearm and contraband were located); *see also Commonwealth v. Wisor*, 466 Pa. 527, 353 A.2d 817 (1976) (stating "the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered").

¶ 8 Presently, the firearm at issue was found in the purse of a passenger in Appel-

lant's vehicle. Appellant and his passenger did not have equal access to that purse. Under the facts before us, the only person that could be deemed to have access to the purse was its owner—the passenger in Appellant's vehicle. Following the rationale in our precedent, it is only logical that where Appellant did not have access to the area where the handgun was found, Appellant cannot be deemed to have the necessary power to control or intent to control the gun.

¶ 9 Even assuming Appellant had the power to access the firearm, we fail to see how the trial judge could have logically concluded, beyond a reasonable doubt, that Appellant intended to exercise control over his handgun upon arriving at the middle school. The record in this case is devoid of evidence to support such an inference. On the contrary, it is clear that Appellant's intent was to *relinquish* such control. Indeed, Appellant handed over his handgun to his girlfriend *prior* to entering school property. If it was his intention to retain control, he could have either kept the gun or put it in a place not under the control of a third party. The record does not, therefore, support a finding that Appellant intended to exercise control over his handgun.

¶ 10 In the alternative, the Commonwealth argues, and the trial judge agreed, that Appellant had joint constructive possession[7] of the handgun. Trial Court Opinion, 9/17/97, at 2–3. In order to prove joint constructive possession, the Commonwealth again must prove that Appellant had both the power to control and the intent to control the firearm. *Commonwealth v. Magwood*, 371 Pa.Super. 620, 538 A.2d 908, 909–10 (1988). We have already concluded, however, that Appellant

---

6. Although not sufficient to prove intent, evidence that the defendant knew of the presence of the firearm is a necessary prerequisite to proving intent. *Gladden, supra*, 665 A.2d at 1206. There is no dispute, however, that Appellant knew the firearm was in the vehicle.

7. The trial court actually concluded that Appellant had "joint possession" of the handgun. However, the terms "joint possession" and "joint constructive possession" seem to be synonymous; for the sake of clarity, we will herein refer to the concept as "joint constructive possession".

had neither the power to control nor the intent to control the handgun. We therefore find that Appellant did not have joint constructive possession.

¶ 11 Viewing the evidence in the light most favorable to the Commonwealth, and giving the Commonwealth all the favorable inferences which may be drawn from the evidence, we conclude that the Commonwealth did not meet its burden in proving the necessary element of (constructive) possession. Consequently, the trial court erred as a matter of law in concluding that the element of "possession" had been established under 18 Pa.C.S. § 912(b).[8]

CONCLUSION:

¶ 12 Accordingly, we reverse Appellant's judgment of sentence dated October 14, 1997, and remand this case to the Court of Common Pleas of Cumberland County for entry of an order discharging Appellant. Jurisdiction relinquished.

¶ 13 EAKIN, J., files a Dissenting Opinion.

EAKIN, J., dissenting:

¶ 1 The majority bases its reversal on the fact appellant put his gun in his girlfriend's purse before entering the school; this is interpreted as displaying an effort to dispossess himself of the weapon, rather than an intent to conceal it. Remembering appellant was at the school to collect a child in the context of a custody dispute, and that police were called to serve a PFA petition on him, such concealment is not necessarily as pure and innocent as the majority assumes.

¶ 2 The legislature made this all but a strict liability crime, requiring no proof of purpose beyond the transport onto school property, for reasons as obvious as the nightly news. The one indisputable fact shown by his act is that he knew he shouldn't bring the gun to the school; he chose to do so anyhow, hidden in his companion's purse. Hiding that which is illegal does not make it legal.

¶ 3 The learned trial court was in much better position than we are to assess the true nature and purpose of concealing the gun in the purse, but did not find exculpation in that act. If putting the gun in the purse was at all commendable, it may mitigate the sentence, but does not excuse the bringing of a gun on school property. The purpose of this law is to keep guns away from schools. This gun was not kept away from the school; it was brought to school property by appellant, knowingly, concealed and readily available.

¶ 4 Putting the gun in the purse did not preclude a finding of constructive possession. Were these drugs, would appellant not possess them even though they temporarily reposed (at his instruction) in the

8. Herein, Appellant has also questioned:

Whether the trial court's statutory construction was invalid because it failed to effectuate the intent of the Legislature, the rules of statutory construction and the constitutional protection of the right to bear arms in defense of self and the Commonwealth as mandated by Article I, Section 21 of the Pennsylvania Constitution where the trial court did not hold that carrying or possessing the gun pursuant to 18 Pa.C.S. 6109 was an affirmative defense under 18 Pa.C.S. 912(c)?

Whether the statute is unconstitutionally vague as applied to the [Appellant] in that he could not have reasonably discerned that his conduct was criminal in nature

Whether the trial court erred in convicting the [Appellant] where the Commonwealth failed to prove or show a *mens rea,* when the Legislature did not exempt 18 Pa.C.S. 912 from the common law requirement that *mens rea* is a necessary element of all crimes?

In light of our resolution of appellant's first claim, we find it unnecessary to reach appellant's remaining claims, including those of constitutional proportion. *See Commonwealth v. Baker,* 547 Pa. 214, 216–17, 690 A.2d 164, 165 (1997), citing *Commonwealth v. Dillworth,* 431 Pa. 479, 483, 246 A.2d 859, 861 (1968); *In re Fiori,* 543 Pa. 592, 600, 673 A.2d 905, 909 (1996); *Commonwealth v. Richman,* 458 Pa. 167, 187, 320 A.2d 351, 357 (1974) (Pomeroy, J., concurring) ("Our court has a well-founded reluctance to decide issues of constitutional law when disposition can be had on some other adequate ground.").

purse of his companion? The cases holding such a scenario sufficient to show constructive possession are too many to enumerate. What distinguishes this gun from other objects for which constructive possession is clear?

¶ 5 If this were a student concealing a handgun in a classmate's purse, we would not hesitate to affirm the finding of constructive possession. Why is a parent different? There is no realistic question but that appellant would retrieve his gun when he wanted, not when his girlfriend decided to return it. If he wished to retrieve the gun at any time before leaving the school, the gun was there for him to take.

¶ 6 You cannot escape responsibility for bringing a gun to school by putting the gun in the purse of your companion. Accordingly, I would affirm the conviction.