J-S19036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NORMAN KEVIN RODGERS | |
| Appellant | No. 1899 EDA 2014 |

Appeal from the Judgment of Sentence entered February 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012493-2012

BEFORE:  BENDER, P.J.E, STABILE, and MUSMANNO, JJ.

DISSENTING MEMORANDUM BY STABILE, J.:          **FILED APRIL 20, 2016**

I respectfully must dissent.

I do not believe the Majority gives the Commonwealth the evidentiary deference it is due as the verdict winner in this case.  Although the Majority states that it viewed the evidence in a light most favorable to the Commonwealth, I do not believe its application of that standard actually grants that deference to the Commonwealth.

The evidence as recited by the Majority was that after the vehicle was stopped, both Rodgers and his passenger Dixon were bending forward in the car, Rodgers multiple times.  Rodgers' head and shoulders were going below the seats so they could not be seen.  Officer McLane stated that, upon approaching, and without being asked, Rodgers already had placed his hands on the steering wheel and his passenger had his hands on the

dashboard. Rodgers was acting nervous and in fact dropped his driver's license, registration, and insurance card on the floor and in his lap prior to handing them to Officer McLane. After Rodgers and his passenger Dixon were asked to step out of the car, Officer McLane observed a gun protruding halfway out of a bag that was partially jammed under the front passenger seat. The front of the car was roomy with a little bit of a hump between the driver and passenger seats. Dixon was sweating profusely despite it being a relatively cool night. I believe that while other factfinders may view the evidence differently, the evidence—when viewed in its totality with all inferences favorably drawn in the Commonwealth's favor—supports conviction of the firearm violations and conspiracy with which Rodgers was charged.

Rodgers' and Dixon's movements upon being stopped may be described as furtive. The bending forward multiple times by both Rodgers and Dixon may be consistent with an attempt by Rodgers and/or a joint attempt between Rodgers and Dixon to hide the gun, albeit unsuccessfully, under the front passenger seat. The fact that the bending was such that Rodgers' head and shoulders could not be seen at times is consistent with Rodgers attempting, or assisting Dixon to attempt, to hide the gun on the floor of the car under Dixon's seat. The fact that the front of the vehicle was "roomy" may have facilitated Rodgers' attempt to hide the gun with Dixon. Both Rodgers' and Dixon's preemptive placing of their hands on the steering wheel and dashboard may be viewed as evidence of guilty consciences.

Certainly, while other explanations could be offered, the most favorable inferences that must be drawn from Rodgers' nervousness and Dixon's profuse sweating on a cool night is evidence of guilt. I therefore would conclude that the totality of the evidence, viewed in a light most favorable to the Commonwealth, supports Rodgers' convictions. The evidence supports a finding that Rodgers had both the power to control and the intent to exercise control over the gun either individually or in concert with Dixon.

I do not find the cases of **Commonwealth v. Heidler**, 741 A.2d 213 (Pa. Super. 1999) and **Commonwealth v. Juliano**, 490 A.2d 891 (Pa. Super. 1985), cited by the Majority, to be supportive of the Majority's conclusions. In **Heidler**, this Court did not find constructive possession of a firearm where the defendant had surrendered his gun to his girlfriend, who took possession of the gun and concealed it in her purse. Unlike here, the defendant in **Heidler** did not have access to the gun concealed in his girlfriend's purse. Here, Rodgers could have gained access, and may in fact have accessed the gun, as evidenced by his attempt to hide the weapon near the passenger seat in what was described as a roomy front seat of the car, the favorable inference being that the extra room permitted access. In **Juliano**, there was no evidence the defendant knew a gun was in the car, as it was concealed completely within a green bag the driver placed near where the defendant was sitting in the car. Further, there was no evidence of any furtive movements in that case. The half exposure of the gun here,

combined with what can be viewed as Rodgers' attempt to conceal or help conceal the gun, easily distinguishes this case from *Juliano*.

I would affirm the judgment of sentence in this case.