J-S72025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
JAMES GEATHERS, :
:
Appellant : No. 1519 EDA 2016

Appeal from the Judgment of Sentence May 5, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0001906-2015

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.: **FILED DECEMBER 29, 2017**

James Geathers ("Geathers") appeals from the judgment of sentence
imposed following his convictions of persons not to possess firearms,
firearms not to be carried without a license, and carrying firearms on public
streets of Philadelphia. **See** 18 Pa.C.S.A. §§ 6105(a)(1); 6106(a)(1); 6108.
We affirm.

The trial court set forth the relevant underlying facts as follows:

On July [1], 2014, at approximately 1:10 a[.]m[.], Officer Dat
Nguyen ("Officer Nguyen") and his partner, Officer Acevedo
("Officer Acevedo")[,] were on patrol at the 1300 block of 52nd
Street in Philadelphia, Pennsylvania. N.T.[,] 7/27/15[,] at 10.
At that time, Officer Nguyen observed a gray 2001 Mercury
Grand Marquis exiting a parking spot. **Id.** After the driver failed
to use a left-turn signal, the officers conducted a lawful traffic
stop for [a] violation of the Motor Vehicle Code. **Id.**

When Officer Nguyen approached the vehicle, he observed four
individuals: co-defendant Kyle Bess [("Bess")] (seated in the
driver's seat), [Geathers] (seated in the front passenger seat),
and two other males (both of whom were in the rear passenger

_____
* Former Justice specially assigned to the Superior Court.

seats). *Id.* at 12. At this time, Officer Nguyen asked Bess for his license, registration, and insurance; however, Bess only provided his identification. *Id.* at 10. During the exchange, Officer Nguyen noticed that Bess was shaking and that he appeared very nervous, asking the officer several questions in a nervous manner. *Id.*

At that time, Officer Nguyen returned to his vehicle, where Officer Acevedo proceeded to process Bess'[s] information. *Id.* at 11. Because Officer Acevedo was acting as the recorder, Officer Nguyen continued to observe the vehicle occupied by [Geathers]. *Id.* at 10. During this time, Officer Nguyen saw multiple movements inside the front area between Bess (the driver) and [Geathers] (the front passenger). *Id.* at 12. The officer specifically saw both Bess and [Geathers] reaching toward the area around the center console. *Id.*

After making these observations, Officer Nguyen returned to the car occupied by Bess and [Geathers], this time opening the driver's side door and ordering Bess to exit the vehicle. *Id.* After the officers conducted a pat-down, Bess was placed inside the patrol vehicle. *Id.* The officers then removed [Geathers] from the car, followed by each of the two rear passengers. *Id.* All three men were frisked, then ordered to stand against a wall located roughly four or five feet away from the vehicle. *Id.* at 34-35. With all three men outside of the vehicle, Officer Nguyen shined his flashlight through a window to the interior of the vehicle. *Id.* at 13-14. At this time, he observed what appeared to be the magazine of a gun sticking out from a black and grey Nike bag that was situated between the armrest and the front passenger's seat of the vehicle. *Id.* at 14. This was the same area where both [Geathers] and Bess had previously been reaching. *Id.* After making this observation, Officer Nguyen turned around and looked at [Geathers], who immediately fled northbound on 52nd Street. *Id.* at 14. At trial, Officer Nguyen testified that ultimately, they did not give chase to [Geathers], as they were concerned with the two unsecured passengers[,] who were still outside of the vehicle. *Id.* However, even after [Geathers] fled, the two rear passengers stayed at the scene. *Id.* at 26.

After retrieving the bag from the vehicle, Officer Nguyen found a black Intratec .9mm semi-automatic handgun loaded with 24 live rounds. *Id.* at 15. At trial, counsel stipulated to the contents of

the bag, as well as both [Geathers's] ineligibility to possess the firearm, and the firearm's operability.

Trial Court Opinion, 1/4/17, at 1-3 (unnumbered).

Geathers was able to elude the authorities for seven months, and was arrested on February 2, 2015. Geathers and Bess waived their right to a jury trial and were tried together before the Honorable Sean F. Kennedy. Judge Kennedy found Geathers guilty of the above-mentioned charges and acquitted Bess on all charges. Judge Kennedy sentenced Geathers to an aggregate term of six to twelve years in prison, followed by five years of probation.

Geathers filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Geathers raises the following question for our review: "Whether the trial court erred in finding that the Commonwealth produced sufficient evidence to prove beyond a reasonable doubt that [Geathers] constructively possessed a firearm in violation of 18 Pa.C.S.[A.] § 6105(a)(1), 18 Pa.C.S.[A.] § 6106(a)(1), and 18 Pa.C.S.[A.] § 6108[?]" Brief for Appellant at vi.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying

the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

Geathers contends that the evidence was insufficient to establish that he constructively possessed the firearm found in the vehicle. Brief for Appellant at 1, 4, 6. Geathers argues that he was not alone in the vehicle and that all four men in the vehicle were making movements after the officers stopped the vehicle. *Id.* at 4, 6; *see also id.* at 4-5 (noting that Bess was making movements toward the center console and was extremely nervous when answering the officer's questions). Geathers further points out that the officers did not observe the bag containing the firearm until both Bess and Geathers were removed from the vehicle. *Id.* at 5; *see also id.* at 5, 6 (noting that the two rear passengers were in the vehicle when he and Bess were removed from the vehicle and that they had ample opportunity to move the firearm during this time). Geathers asserts that

- 4 -

while his decision to flee the scene suggests a consciousness of guilt, the flight only occurred after the police found the firearm, and he realized either Bess or one of the rear passengers had thrown the firearm on his seat. *Id.* at 5. Geathers claims that his flight was not dispositive of guilt, and that without any evidence, other than proximity to the firearm, the Commonwealth failed to meet its burden of constructive possession. *Id.* at 6-7.

Where, as here, Geathers did not possess the firearm on his person, the Commonwealth was required to establish that Geathers constructively possessed the firearm. *See, e.g., Commonwealth v. Heidler*, 741 A.2d 213, 215 (Pa. Super. 1999) (noting that in firearm possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. … We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. … To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (citation and quotation marks omitted). "[C]ircumstantial evidence may be used to establish constructive possession of the [contraband]." *Commonwealth v. Johnson*, 26 A.3d 1078, 1094 (Pa. 2011). However, a defendant's mere

presence at the scene does not establish constructive possession of a weapon. ***Commonwealth v. Vargas***, 108 A.3d 858, 869 (Pa. Super. 2014) (*en banc*).

The trial court addressed Geathers's claims as follows:

In the instant case, [Geathers] was not only within the immediate proximity of the contraband, but he also made several furtive movements in the area where the contraband was found. The bag containing the gun was discovered between the center console and the passenger's seat, which is where [Geathers] was seated when the initial stop took place. [Geathers] was seen making movements in that area prior to the initial stop, as well as during the time that Officer Nguyen observed the vehicle[,] while his partner ran the driver's information. Additionally, when Officer Nguyen discovered the firearm, [Geathers] fled from the scene. Although two other unsecured individuals were present at this time, [Geathers] was the only one who ran. This reaction demonstrates consciousness of guilt, which is also indicative of his knowledge of the firearm's presence in the vehicle.

Given the totality of the circumstances, it is clear that [Geathers] constructively possessed the firearm beyond a reasonable doubt. [Geathers] was more than merely present at the scene; rather, he was observed with the contraband in the area of his immediate control and, additionally, showed an apparent ability to exercise said control. This is supported by both direct and circumstantial evidence which, when viewed in the light most favorable to the Commonwealth as the verdict winner, it is sufficient to support [Geathers's] conviction[s.]

Trial Court Opinion, 1/4/17, at 6 (unnumbered).

We agree with the sound reasoning of the trial court. ***See id.*** Thus, we conclude that under the totality of these circumstances, sufficient evidence demonstrated Geathers constructively possessed the firearm. ***See Commonwealth v. Smith***, 146 A.3d 257, 263 (Pa. Super. 2016)

(concluding that appellant constructively possessed the firearm based upon evidence that it was recovered from a dresser that included other items belonging to appellant and appellant fled from the scene, evidencing a consciousness of guilt); *Cruz*, 21 A.3d at 1253 (holding evidence was sufficient to establish that driver of car had constructive possession of a gun found in a compartment on the passenger side where the driver moved toward the passenger side of the vehicle when the officer turned on his lights and siren, and the driver gave the officer different names and birthdates, which exhibited a consciousness of guilt).

Judgment of sentence affirmed.


*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
*Prothonotary*


Date: <u>12/29/2017</u>