447 A.2d 960
COMMONWEALTH of Pennsylvania

v.

James HAMM, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed May 28, 1982.

Reargument Denied Aug. 2, 1982.

Petition for Allowance of Appeal Denied Sept. 24, 1982.

Raymond Williams, Assistant Public Defender, Media, for appellant.

Jean Marie Cella, Assistant District Attorney, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

SPAETH, Judge:

■ This is an appeal from a judgment of sentence for possession of firearms without a license, possession of instruments of crime, and criminal conspiracy. Appellant argues that the evidence was insufficient to support his convictions, and that his arrest was unlawful because the arresting officers arrested him outside of their jurisdiction. We agree that the evidence was insufficient, and therefore do not consider the lawfulness of the arrest.[1]

■ The test used to determine the sufficiency of the evidence in a criminal case is whether the evidence admitted at trial was sufficient to prove every element of the crime beyond a reasonable doubt. In making this determination,

1. Appellant's argument that his arrest was unlawful, if meritorious, would entitle him to a new trial, *Commonwealth v. Fiume*, 292 Pa. Superior Ct. 54, 436 A.2d 1001 (1981); *Commonwealth v. Novick*, 293 Pa. Superior Ct. 241, 438 A.2d 974 (1981); if the evidence was insufficient, he is entitled to discharge.

we must view the evidence, and all reasonable inferences from the evidence, in the light most favorable to the Commonwealth. *Commonwealth v. Davis*, 491 Pa. 363, 421 A.2d 179 (1980). Viewed in this light, the evidence was as follows.

Police Officers Steppke and Gretsky were driving down Route 352 in Delaware County when they spotted a Gremlin automobile containing three men. Appellant was the driver of the automobile, which was owned by his girlfriend, and there was one passenger in the front seat and one in the back. The officers recognized the passenger in the back seat as Clifton Berry, for whom an arrest warrant was outstanding. Following the Gremlin at "about half a car length," they saw Berry pass an "unknown object" to the passenger in the front seat by reaching over the seat between the driver and the passenger. N.T. 6/3/80, 14–16 (Officer Steppke); *id.* 48 (Officer Gretsky). They then saw the passenger "ben[d] down in a forward motion as to [*sic*; though?] placing something on the floor in front of him." *Id.* 16 (Steppke). The officers did not motion the Gremlin to pull over, for it did so voluntarily. *Id.* 23, 34–35. Appellant testified that he did this because he recognized the men following him as police officers, even though their automobile was unmarked. *Id.* 95. After the Gremlin stopped and the passengers got out, the officers saw a .22 caliber revolver on the front floor, on the passenger side. Officer Steppke testified that this weapon could not have been visible to the driver, *id.* 24; a "console" separated the driver from the passenger side, *id.* 23. A search revealed a second weapon, a .38 caliber revolver, underneath the front seat.

■ Since appellant was not shown to have actual possession of the weapons, the issue is whether the evidence was sufficient to prove his constructive possession of them. To prove constructive possession of an item, the Commonwealth must show that the defendant had both the intent and the ability to control the item. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968). At the least, the evidence must show that the defendant knew of the existence of the item. *Commonwealth v. Wisor*, 466 Pa. 527, 353 A.2d 817

(1976); *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. Armstead*, 452 Pa. 49, 305 A.2d 1 (1973).

■  With respect to the .38 caliber revolver found underneath the front seat, the issue of constructive possession is readily resolved in favor of appellant, for it is settled that we may not infer that appellant knew of the weapon's existence simply from the fact that it was hidden in the automobile. *Commonwealth v. Armstead, supra; Commonwealth v. Townsend, supra; Commonwealth v. Wisor, supra. Cf.: Commonwealth v. Bentley*, 276 Pa. Superior Ct. 41, 419 A.2d 85 (1980) (weapon located within "easy reach" of driver); *Commonwealth v. Flythe*, 273 Pa. Superior Ct. 248, 417 A.2d 633 (1979) (possession of tear gas gun found where defendant leaned down as if to push something under seat and gun was under seat in defendant's view).

With respect to the .22 caliber revolver, which evidently was the weapon that Berry passed to the passenger in the front seat, a more interesting question is presented. Appellant testified that at no time did he see a weapon in the Gremlin. N.T. 84. If we assume that the jury did not believe this testimony, and that appellant saw the weapon as Barry passed it over the seat, still we may not say that the evidence was sufficient to prove appellant's constructive possession. This is so because there was no evidence to suggest that appellant knew of the weapon's existence *before* it was produced by Berry. The analysis is the same whether a weapon is hidden in an automobile, as was the .38 caliber revolver, or hidden on someone's person, as the .22 caliber revolver was hidden on Berry until the moment he passed it over the seat.

The evidence of conspiracy was also insufficient.

■  Under 18 Pa.C.S.A. section 903(a)(1),

[a] person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which

constitutes such crime or an attempt or solicitation to commit such crime . . . .

Under 18 Pa.C.S.A. section 903(e), an overt act in furtherance of the conspiracy must be proved. Although a conspiracy may be proved by circumstantial evidence, *Commonwealth v. Finnegan*, 280 Pa. Superior Ct. 584, 421 A.2d 1086 (1980), the circumstances proved here were insufficient to demonstrate that appellant conspired to possess the weapons, or that he committed an overt act in furtherance of any other conspiracy. The Commonwealth proved only that appellant was driving an automobile, not his own, that had a weapon hidden in it, and that one of the passengers was carrying a weapon. When appellant recognized the men following him as police officers, he pulled over to the side of the road. This evidence does not "reasonably and naturally justify an inference of guilt on the part of appellant and is not of such a volume and quality [as] to overcome the presumption of innocence . . . ." *Commonwealth v. Perdie*, 249 Pa. Superior Ct. 406, 412, 378 A.2d 359, 362 (1977).

The judgment of sentence is reversed and appellant ordered discharged.

MONTGOMERY, J., concurs in the result.