J-A30014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY DUPRIEST | |
| Appellant | No. 2121 EDA 2014 |

Appeal from the Judgment of Sentence July 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001721-2014

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED NOVEMBER 06, 2015**

Appellant, Timothy Dupriest, appeals from the July 15, 2014 aggregate judgment of sentence of three to six years of incarceration, with boot camp eligibility, imposed by the trial court following Appellant's convictions of persons not to possess a firearm, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1]  After careful review, we affirm.

The trial court summarized the factual background of this case as follows.

> On January 11, 2014 at around 9:30 P.M. Philadelphia Police Officer Charles Courtney along

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1) and 6108, respectively.

with his partner Officer John Crewer were on patrol in the area of 58th St. and Kingsessing Ave. in Philadelphia. There they observed a silver Buick Century going eastbound on Kingsessing Ave. with its high beam lights on. Officer Courtney made a U-turn and attempted to stop the vehicle. The vehicle did not immediately stop and continued driving for a half block until it finally did stop in the middle of the road. As the officers exited their vehicle they observed the two occupants in the front seat, the Appellant in the driver seat and his brother Christopher Dupriest in the front passenger seat, moving side to side while the other occupant in the back seat was not. Officer Crewer ordered the Appellant to place the car in park which was initially ignored as the car continued to slowly roll down the street.

Officer Courtney approached the passenger side of the vehicle while Officer Crewer approached the driver side. Officer Courtney testified that he observed a large open bottle of Barcardi rum underneath the armrest of the front bench seat between the passenger, Christopher Dupriest, and the driver, the Appellant. Officer Courtney asked Christopher Dupriest to hand him the bottle of rum, which he did. After he did so, Officer Courtney observed the brown butt of a handgun protruding from under the armrest on the driver's side. Officer Courtney testified that the gun was within arm's reach and accessible to both Appellant and Christopher Dupriest. Both Appellant and Christopher Dupriest were then removed from the vehicle and placed under arrest. A loaded 9mm Faburique handgun with a silver slide and wooden handle was recovered from the vehicle.

Trial Court Opinion, 12/16/14, at 2-3 (citations and footnotes omitted).

As a result of the above events, Appellant was charged with the three firearms violations. The trial court convened a one-day bench trial on May 20, 2014, at the conclusion of which it rendered its guilty verdicts. On July

15, 2014, the trial court sentenced Appellant to three to six years of incarceration, with eligibility for boot camp. Appellant did not file post-sentence motions. Appellant filed a timely notice of appeal on July 17, 2014.[2]

On appeal, Appellant presents the following issue.

> Was not the evidence insufficient for conviction on all three of the firearms charges here, insofar as the evidence was insufficient to prove [Appellant] possessed a firearm, either actually or constructively?

Appellant's Brief at 3.

Appellant challenges the sufficiency of the Commonwealth's evidence for his firearms convictions. We begin with our well-settled standard of review. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [fact-finder's] verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Id.*** (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

Mindful of the foregoing precepts, we examine Appellant's challenge to the sufficiency of the evidence supporting his convictions for persons not to possess firearms, firearms not to be carried without a license, and carrying firearms in public in Philadelphia. The governing statutes provide, in relevant part, as follows.

> **§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a) Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use,

- 4 -

control, sell, transfer or manufacture a firearm in this Commonwealth.

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

…

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

With regard to all three of his firearms convictions, Appellant summarized the factual basis of his argument as follows.

[Appellant] was driving a car owned by his brother when they were stopped for a traffic violation. Christopher Dupriest, the owner of the car, was the front seat passenger. Christopher had an open bottle of rum in the car, next to his armrest. When the police had Christopher move the bottle,

they saw a handgun protruding out from under Christopher's armrest. There is no evidence whatsoever that [Appellant] knew about the gun, saw the gun, or touched the gun, yet he was convicted (along with Christopher) of possessing the gun. As [Appellant] did not actually possess the gun, and as the Commonwealth presented no evidence sufficient to prove constructive possession, [Appellant's] convictions cannot stand.

Appellant's Brief at 6.

Appellant correctly asserts that because the evidence does not demonstrate his actual possession of the firearm, the Commonwealth had the burden of establishing that Appellant constructively possessed the weapon. *See* Appellant's Brief at 7-8. We have explained the concept of constructive possession as follows.

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid in application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013) (citation omitted).

Appellant cites *Commonwealth v. Hamm*, 447 A.2d 960 (Pa. Super. 1982), stating that his case is "indistinguishable" from *Hamm*, where this Court determined that constructive possession of a firearm could not be

attributed to the appellant, who was the driver of an automobile with one passenger in the front seat and one passenger in the back seat, when police observed a firearm on the floor of the front, passenger side of the car. Appellant's Brief at 11; **Hamm** at 961-962. A second weapon was uncovered underneath the front seat in **Hamm**. **Id.** Concluding there was insufficient evidence to prove constructive possession of the firearm discovered under the seat, this Court stated, "we may not infer that appellant knew of the weapon's existence simply from the fact that it was hidden in the automobile." **Id.** (citations omitted). The **Hamm** Court similarly concluded there was insufficient evidence of the appellant's constructive possession of the firearm found on the floor, noting, "[t]he analysis is the same whether a weapon is hidden in an automobile … or hidden on someone's person[.]" **Id.**

In the present case, Philadelphia Police Officer Charles Courtney was the only witness to testify at Appellant's trial, and the testimony was such that the trial court, as the fact-finder, could conclude that Appellant exercised "conscious dominion" over the firearm. Officer Courtney testified to observing Appellant's vehicle with its high beams on. N.T., 5/20/14, at 8. Officer Courtney and his partner attempted to stop the vehicle, but "the vehicle didn't initially stop. It continued for about a half a block and then the vehicle abruptly stopped in the middle of the road." **Id.** at 9. As Officer Courtney approached the vehicle, it was "slowly moving forward," and as a

result, Officer Courtney had to instruct Appellant to put the vehicle in park. *Id.* at 9-10. Officer Courtney testified that Appellant and his brother "were moving side to side." *Id.* at 9, 12. Officer Courtney observed an open bottle of Bacardi rum, asked for the bottle, and as Officer Courtney was taking the bottle he "observed what [he] immediately knew to be the butt of a handgun protruding from under the armrest; around four inches under the armrest. … it really stood out. It was a stark contrast." *Id.* at 12-14. Officer Courtney explained that he "recognized it to be a handgun, and I didn't want to alert anybody in the vehicle that I had observed that for officer's safety." *Id.* at 14. Officer Courtney described the vehicle as having "a bench seat," with the armrest "for both the passenger and the driver." *Id.* at 15.

At the conclusion of testimony, in closing arguments, Appellant's counsel cited *Hamm, supra*, for the proposition that Appellant lacked constructive possession of the firearm. The Commonwealth responded that unlike *Hamm*, the firearm in this case was "sitting there … in plain view, which is why Officer Courtney grabbed the gun as soon as he could, and didn't want to alert any of the passengers who were still in the car that there was a gun because he could see it immediately." *Id.* at 50. With regard to "the knowledge component," the Commonwealth argued, "because we have the failure to pull over, the failure to pull over to the side of the road, the failure to put the car in park, not even stopping immediately. … [Appellant

and Christopher Dupriest] are related. … That is another factor to consider because I think if they were complete strangers to one another and, … one of them just happened to be a passenger in the other guy's car, no." *Id.* at 54.

Thereafter, the trial court rendered its verdicts, stating, "After careful review of the case law presented by all counsel, and careful review of the facts, I find [Appellant] guilty as charged. *Id.* at 55. The trial court explained its reasoning as follows.

> In the present case, the gun was discovered directly between the Appellant and the front seat passenger, Christopher Dupriest, on the front bench seat. The gun was within arm's reach of the Appellant. Based on the totality of the circumstances including the location of the weapon, the movements of both the Appellant and the front seat passenger and the failing to initially stop the vehicle, it is proper to conclude that Appellant was in constructive possession of the firearm.

Trial Court Opinion, 12/16/14, at 4.

Viewing the evidence of record, together with all reasonable inferences in a light most favorable to the Commonwealth, we conclude that there was sufficient evidence for the trial court to determine that Appellant constructively possessed the firearm. *See Patterson, supra*. Appellant argues that because he "was not in physical possession of the gun at issue, and as there was no evidence that he was even aware of the gun, let alone in constructive possession of it, his convictions for possessing the gun cannot stand." Appellant's Brief at 12. This argument fails because, as

discussed above, Appellant's characterization of the evidence is not consonant with our standard of review, applicable case law, and the totality of the evidence presented at trial.  **See Hopkins**, **supra** at 820.

Based on the foregoing, we reject Appellant's sufficiency claim and affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015