J-S39019-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ┊ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | ┊ | |
| v. | ┊ | |
| LADAYA DA SHAE MITCHELL | ┊ | |
| | ┊ | No. 1356 WDA 2016 |

Appeal from the Order August 11, 2016
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000708-2016

BEFORE:    BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
                                        **FILED:  AUGUST 17, 2017**

I agree with the Majority that the trial court properly held that the Commonwealth failed to establish a *prima facie* case against Ms. Mitchell regarding possession of the heroin recovered from the car near the driver's feet.  There is no indication in the record that Ms. Mitchell was even aware of its presence.

However, I would hold that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to allow a finding that Ms. Mitchell had both the power and intent to control the paraphernalia that was in plain view next to where she was sitting and that she ultimately handed to Officer Chiodo.  While the evidence certainly does not compel a finding of guilt, I believe it is sufficient to survive a petition for a writ of *habeas corpus*.

*Retired Senior Judge assigned to the Superior Court.

*Compare Commonwealth v. Stembridge*, 579 A.2d 901, 905 (Pa. Super. 1990) (holding Commonwealth established that the passenger had constructive possession of contraband recovered from the ground near the passenger's door of a parked vehicle); *with Commonwealth v. Hamm*, 447 A.2d 960, 962 (Pa. Super. 1982) (holding evidence was insufficient to establish that driver of car was aware of contraband hidden within it).

Accordingly, I would reverse that portion of the trial court's order that dismissed the charges as to the possession of the marijuana paraphernalia.