J-A13004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL REED | : | No. 1611 EDA 2021 |

Appeal from the Order Entered July 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001192-2021

BEFORE:  OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 9, 2022**

The Commonwealth of Pennsylvania appeals from an order entered on July 8, 2021, which granted Paul Reed's (Mr. Reed or Appellee) motion to quash all counts of a criminal information filed against him.  Herein, the Commonwealth contends that the trial court erred in its determination that it failed to establish a *prima facie* showing that Mr. Reed constructively possessed certain firearms recovered from a vehicle he occupied with two other individuals.  After careful review, we affirm the order quashing the charges against Mr. Reed.

On November 22, 2020, a criminal complaint filed against Mr. Reed alleged multiple violations of the Uniform Firearms Act, including persons not to possess, use, manufacture, control, sell or transfer firearms, firearms not to be carried without a license, carrying firearms on public streets or public

property in Philadelphia, and possession of firearm with altered manufacturer's number, along with criminal conspiracy.[1]

A preliminary hearing was held on March 4, 2021, before the Honorable Wendy L. Pew. Officer Jessie West of the Philadelphia Police Department testified that on November 21, 2020 at approximately 1:00 p.m. in West Philadelphia, she and her partner initiated a traffic stop of a vehicle with an improperly tinted front windshield. N.T. Preliminary Hearing, 3/4/21, at 5-6. Three men occupied the vehicle: the driver, a passenger in the front passenger seat, and Mr. Reed in the back seat on the passenger's side. *Id.* at 6. Officer West asked the occupants for their identification, at which time all men complied. *Id.* Officer West explained that after running the men's information, she questioned Mr. Reed regarding a "cooler bag" sitting next to him in the back seat of the vehicle:

> I first spoke to the rear passenger[, Mr. Reed]. I asked him - - there was a cooler bag to his left in like where the center seat would be in the rear of the car. I couldn't see what was in the bag. There was like a jacket or something on top of it. I asked [Mr. Reed] what was in the bag. He didn't answer, but he just moved - - he moved the bag slightly and then moved one of the sweatshirts from all of it, but I still couldn't see what was in the bag.

*Id.* at 7-8. Officer West further explained:

> He didn't pick up the bag. He slightly moved it. And then he [ ] took – like, there was a jacket or a sweatshirt or something off of the bag and kind of moved it over. But there were still other

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6110.2, and 903, respectively.

things on top of the bag, so I still couldn't see what was inside of it.

*Id.* at 22.

After this exchange, Officer West and other assisting officers removed the three men from the vehicle, placed them in handcuffs, secured them within separate police cars, and proceeded to conduct a search of the car. *Id.* at 8, 10. Officers found loaded firearms on the driver's person and under the front passenger's seat. *Id.* Officer West testified that she removed jackets from on top of the zipped cooler bag and found two more firearms inside – one loaded and another unloaded and within a gun case – beneath more clothing. *Id.* at 10-11. She did not find anything explicitly belonging to Mr. Reed inside the vehicle or cooler bag. *Id.* at 22-23. Neither Mr. Reed nor any of the other occupants of the vehicle possessed a license to carry firearms. *Id.* at 11.

At the conclusion of Officer West's testimony, defense counsel stipulated that Mr. Reed's prior record disqualified him from possessing firearms. *Id.* at 29. After brief argument, the lower court dismissed the charge for possession of a firearm with altered manufacturer's number for lack of evidence but otherwise bound the remaining charges of Mr. Reed's case over to the Court of Common Pleas of Philadelphia County. *Id.* at 30.

On April 13, 2021, Mr. Reed, through counsel, filed a motion to quash the criminal information filed against him, arguing that the Commonwealth failed to produce evidence that Mr. Reed constructively possessed the firearms found within the cooler bag. *See* Motion to Quash, 4/13/21, at 2-3

(unpaginated). Mr. Reed asserted that the Commonwealth only connected Mr. Reed and the firearms *via* his presence next to the bag. *Id.* at 2. He further claimed the Commonwealth failed to link him to the firearms through ownership of the vehicle, bag, or other items, or through any forensic evidence such as DNA or fingerprints. *Id.* at 3. Consequently, Mr. Reed argued, the record as established at the preliminary hearing lacked direct and circumstantial evidence from which it could be inferred that Mr. Reed actually or constructively possessed the firearms recovered from the vehicle; thus, the charges against him could not stand. *Id.* After a hearing held on July 8, 2021, the trial court granted the motion to quash. *See* N.T. Motion Hearing, 7/8/21, at 10; *see also* Trial Court Order, 7/8/21 (quashing all charges). This appeal by the Commonwealth followed.[2, 3]

> The Commonwealth raises the following issue on appeal:
>
> Did sufficient evidence support a *prima facie* case for the [firearms and conspiracy charges] where [Mr. Reed] was in the back seat of a car sitting directly next to a bag containing two firearms, he moved the bag and refused to answer when a law enforcement officer asked him what was inside the bag, and the driver and a second passenger had their own guns?
>
> Commonwealth's Brief at 4.[4]

---

[2] Both the Commonwealth and trial court complied with Pa.R.A.P. 1925.

[3] Mr. Reed did not file an appellate brief in this matter.

[4] Although the Commonwealth's stated issue raises a sufficiency of the evidence claim as to the conspiracy charge, the argument section of the
*(Footnote Continued Next Page)*

We previously explained:

It is well-settled that the evidentiary sufficiency of the Commonwealth's *prima facie* case is a question of law to which this Court's review is plenary. The trial court is afforded no discretion in deciding whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its burden to make out the elements of a charged crime.

\* \* \*

[A]t the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilty beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

Weight and credibility of evidence are not factors at the preliminary hearing stage. All evidence must be read in the light most favorable to the Commonwealth, and inferences reasonably drawn therefrom which would support a verdict of guilty are to be given effect. Courts must employ a "more-likely-than-not" test to assess the reasonableness of inferences relied upon. Anything less amounts only to suspicion or conjecture. Our Supreme Court recently reminded that the *prima facie* showing is a low threshold for the Commonwealth to surpass.

---

Commonwealth's brief only addresses the dismissal of the firearms charges. Therefore, the Commonwealth waived any challenge to the quashal of the criminal conspiracy charge by failing to develop or preserve this argument before the trial court or within its appellate brief before this Court. *See* ***Commonwealth v. Reid***, 235 A.3d 1124, 1191 n.35 (Pa. 2020), *citing* ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

- 5 -

*Commonwealth v. Munson*, 261 A.3d 530, 540 (Pa. Super. 2021) (citations omitted).

The Commonwealth charged Mr. Reed with various firearms violations, all of which, relevant to the present appeal, require the Commonwealth to prove that he possessed a firearm. **See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.[5] It is undisputed that Mr. Reed did not

---

[5] In pertinent part, the crimes are defined as follows:

**§ 6105. Persons not to possess, use, manufacture, control, sell or transfer firearms**

(a) Offense defined. −

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c), shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

**§ 6106. Firearms not to be carried without a license**

(a) Offense defined. −

(1) Except as provided in paragraph (2) [unrelated to the circumstances here], any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

*(Footnote Continued Next Page)*

have actual possession of the firearm, *i.e.*, it was not found on his person; thus, the Commonwealth needed to establish that he constructively possessed a firearm to establish a *prima facie* case for each charge. **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013). Constructive possession is "an inference arising from a set of facts that possession of the contraband was more likely than not." **Commonwealth v. McClellan**, 178 A.3d 874 (Pa. Super. 2018).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.
>
> It is well established that, as with any other element of a crime, constructive possession may be proved by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue. [ A] defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he exercised dominion and control over those items. Thus, the location and proximity of an actor to the contraband alone is not conclusive of guilt. Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession.

---

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class [except where the person is licensed to carry or exempt from licensing.]

18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108.

If the only inference that the fact finder can make from the facts is a suspicion of possession, the Commonwealth has failed to prove constructive possession.  It is well settled that facts giving rise to mere association, suspicion[,] or conjecture, will not make out a case of constructive possession.

***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa. Super. 2018), *appeal denied* 202 A.3d 42 (Pa. 2019) (citation and quotation omitted; formatting altered).  Knowledge of the existence and location of a firearm may not be inferred from the mere fact that it was hidden within an automobile. ***Commonwealth v. Hamm***, 447 A.2d 960, 962 (Pa. Super. 1982).

The Commonwealth argues that, when viewed in the light most favorable to the Commonwealth, including all reasonable inferences therefrom, the evidence adduced at the preliminary hearing supported a reasonable inference that Mr. Reed constructively possessed the firearms contained within the bag located next to him in the vehicle.  ***See*** Commonwealth's Brief at 11.  The Commonwealth asserts that the trial court did not view the evidence under this standard, but rather, made improper weight and factual determinations.  ***Id.*** at 9.  In support of its argument, the Commonwealth contends that the evidence showed that the other occupants of the vehicle exclusively possessed the other two firearms recovered from the vehicle, thus a fact finder could reasonably infer that Mr. Reed, as the only occupant of the vehicle without a firearm on his person or under his seat, was in control of the bag containing the remaining firearms.  ***Id.*** at 12.  Additionally, the Commonwealth posits that Mr. Reed's movements toward the

cooler bag in response to Officer West's inquiries suggest an attempt to conceal the bag and its contents, which demonstrates a consciousness of guilt as well as a capacity and intent to exercise dominion and control over the contraband. *Id.* at 11. Thus, the Commonwealth reasons, "[w]hen viewed in its totality, the evidence would support a reasonable inference that [Mr. Reed] had the power to exercise control of the guns in the bag, which was next to him alone and which he attempted to conceal from police." *Id.* at 12.

The trial court concluded that the Commonwealth did not meet the *prima facie* standard necessary to sustain the charges against Mr. Reed because it presented insufficient evidence of Mr. Reed's constructive possession of the firearms in the bag. Trial Court Opinion, 10/7/21, at 2. In addressing this issue, the trial court opined:

> [T]he Commonwealth relies solely on the fact that [Mr. Reed] was sitting next to the closed bag containing firearms, and that he placed his sweatshirt on top of the bag when the officer asked about its contents. In reviewing the totality of the circumstances, [the trial court] finds those facts insufficient to prove constructive possession. No evidence was presented to indicate that [Mr. Reed] owned the bag or the clothing on top of the bag, and no forensic evidence was presented to link [Mr. Reed] to the firearms. [Mr. Reed] only made movements toward the bag after an officer asked about the bag. No forensic evidence was submitted linking [Mr. Reed] to the firearms or the bag. Moreover, other passengers in the vehicle readily admitted to possessing firearms when asked.

*Id.* at 3.

Following our review of the evidence, we conclude the Commonwealth failed to demonstrate Mr. Reed's constructive possession of the firearms contained within the cooler bag. It is undisputed that Mr. Reed was neither

the owner nor operator of the vehicle. Nothing on top of or within the cooler bag was identified as Mr. Reed's. Moreover, the trial court found that the Commonwealth presented no evidence indicating that Mr. Reed knew the contents of the cooler bag, that Appellant intended to exercise control over the firearms found therein, or that Appellant's DNA or fingerprints were found on the firearms. The only facts adduced at the preliminary hearing suggest that Mr. Reed simply sat next to a cooler bag in another individual's car, and "slightly moved" the cooler bag – without picking it up – and moved "a sweatshirt or something **off of** the bag" in response to Officer West's questions about the contents thereof. N.T. Preliminary Hearing, 3/4/21, at 22 (emphasis added); *see Commonwealth v. Townsend*, 237 A.2d 192, 195 (Pa. 1968) (rejecting theory of constructive possession where defendant cooperated with officers and no evidence suggested that the defendant knew of the weapon's presence in the vehicle), *Commonwealth v. Boatwright*, 453 A.2d 1058, 1059 (Pa. Super. 1982) (*per curiam*) (concluding that, in the context of firearms recovered from a vehicle occupied by multiple individuals, there was insufficient evidence of constructive possession where the only evidence was mere presence and officer's testimony that the defendant made a movement toward the area of the vehicle where a firearm was later found).

We are unpersuaded by the Commonwealth's suggestion that Mr. Reed's constructive possession of the firearms within the cooler bag may be inferred by the other vehicle occupants' possession of other firearms within the vehicle

and Mr. Reed's movements toward the cooler bag because that evidence, and the reasonable inferences which may be drawn therefrom, are equally consistent with innocence and guilt. *See Interest of J.B.*, 189 A.3d 390, 415 (Pa. 2018) (where the evidence and reasonable inferences therefrom are equally consistent with innocence as it is with guilt, the Commonwealth has not sustained its burden) *Commonwealth v. Davis*, 458 A.2d 248, 250 (Pa. Super. 1983) (same). The possession of other firearms recovered from the vehicle does not make it more or less likely that Mr. Reed possessed the firearms within the cooler bag.[6] Regarding Mr. Reed's actions, Officer West testified that Mr. Reed moved the bag only after she asked what was inside of it, he did not pick the bag up but rather "slightly moved" it, and he shifted a sweatshirt **off of the bag** all in response to her question. *See* N.T. Preliminary Hearing, 3/4/21, at 7-8 and 22. Even viewed in the light most favorable to the Commonwealth, such evidence is insufficient as it is equally, or more consistent with an innocent, albeit physical rather than verbal,

---

[6] Contrary to the Commonwealth's contention, the presence of other vehicle occupants militates against inferring that Mr. Reed constructively possessed the firearms found within the cooler bag. *See Commonwealth v. Heidler*, 741 A.2d 213, 216 (Pa. Super. 1999) (*en banc*) ("where another person has equal access to the area where illegal contraband or weapon is found, the defendant cannot be said to have either the power to control or the intent to control such contraband or a weapon *per se*."); *see also Boatwright*, 453 A.2d at 1059 (holding that, where a firearm was not found on a defendant's person, he could properly be convicted only if the Commonwealth proved joint constructive possession with the other occupants of the vehicle). Here, the Commonwealth proffers no theory of joint constructive possession, and its arguments, as framed, nullify such a proposition.

response to Officer West's question, as it is with potential concealment of the contents.

Simply stated, the Commonwealth did not present sufficient evidence from which a jury could reasonably infer that Mr. Reed exercised dominion and control over the firearms within the cooler bag. Consequently, the Commonwealth did not establish a *prima facie* case that Mr. Reed constructively possessed those firearms, and the trial court correctly quashed the charges against Mr. Reed.

Order affirmed.

Judge Dubow joins this Memorandum.

Judge King notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2022